**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Respondent-Appellee,

v.

KIRK BOVIE,

      Petitioner-Appellant.

No. 01-1097

(D. Colorado)

(D.C. No. 98-S-2673)

**ORDER AND JUDGMENT** [*]

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Kirk A. Bovie, a federal prisoner appearing pro se, seeks a certificate of appealability regarding the denial of his motion to vacate, set aside, or correct his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence, pursuant to 28 U.S.C. § 2255. We deny a certificate of appealability and dismiss the appeal.

Mr. Bovie was convicted by a jury of nine counts of drug-related charges stemming from his participation in a cocaine distribution organization. He was sentenced to 156 months of imprisonment on each count, to be served concurrently. Mr. Bovie's conviction and sentence were affirmed on direct appeal.

On December 4, 1998, Mr. Bovie filed a § 2255 motion that raised numerous claims, including ineffective assistance of counsel. On November 8, 2000, the district court rejected the ineffective assistance of counsel claim, determined the remaining claims were procedurally barred, and denied the § 2255 motion.

Mr. Bovie next filed a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). However, that motion did not request reconsideration of the issue determined in the court's November 8, 2000, order. Instead, Mr. Bovie's motion to reconsider raised a new claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court ruled that this new claim would require a new § 2255 motion, which Mr. Bovie could not bring without first obtaining permission from this court to file a second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3), 2255. Thus, the district court denied the motion to reconsider.

Because Mr. Bovie failed to obtain our authorization, the district court lacked jurisdiction to decide his Rule 59(e) motion. We have held that a petitioner may not circumvent the restrictions on filing second or successive petitions by filing a post-judgment motion pursuant to Rule 60(b). See Lopez v. Douglas , 141 F.3d 974, 975-76 (10th Cir. 1998) (per curiam) (holding that petitioner's Rule 60(b)(6) motion was an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition pursuant to § 2254 in the district court); United States v. Sternberg , No. 00-3065, 2001 WL 170479, **1-2 (10th Cir. Feb. 21, 2001) (holding Rule 60(b)(6) motion may not circumvent the restrictions on filing second or successive petition in a § 2255 proceeding). We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here. See Bisaccia v. United States , Nos. 97 CV 6683, 3659, 2001 WL 1677747, at *1 (E.D.N.Y. Sept. 18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions.").

We therefore construe Mr. Bovie's motion as an implied application to file a second or successive motion under 28 U.S.C. § 2255. In order to obtain authorization from this court to file a second § 2255 motion in the district court, Mr. Bovie must make the requisite showing under 28 U.S.C. § 2255. Specifically, he must show: "(1) newly discovered evidence that, if proven and viewed in light

-3-

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Following a review of Mr. Bovie's implied application, we determine his application does not meet the requirements under § 2255.

The requirement that a new rule of constitutional law is made retroactive to cases on collateral review is "satisfied only if [the Supreme Court] has held that the new rule is retroactively applicable to cases on collateral review." Tyler v. Cain, 121 S. Ct. 2478, 2482 (2001) (interpreting 28 U.S.C. § 2244(b)(2)(A)); see also Browning v. United States, 241 F.3d 1262, 1266 (10th Cir. 2001) ("We thus look to the Supreme Court to see whether it has made the rule retroactive to cases on collateral review . . . ."). The rule announced in Apprendi has not yet been made retroactive to cases on collateral review by the Supreme Court, and thus it may not be used as a basis for second or successive habeas applications. See Daniels v. United States, No. 00-6298, 2001 WL 709103, at *2 (Jun. 25, 2001) ("Under current habeas law, therefore, applications to file second or successive habeas petitions based on Apprendi will be dismissed until such time as the Supreme Court chooses specifically to declare the new rule applicable to cases on collateral review.") (citing Browning, 241 F.3d at 1266-67).

-4-

Accordingly, we VACATE the district court's December 27, 2000 order denying Mr. Bovie's Rule 59(e) motion, and DENY Mr. Bovie's implied application for leave to file a second or successive § 2255 motion in the district court and his request for a certificate of appealability

                    Entered for the Court,


                    Robert H. Henry
                    Circuit Judge