**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES LYNN HILL,

      Defendant-Appellant.

No. 06-6276
(D.Ct. No. 06-CR-9-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

      A jury convicted Appellant James Lynn Hill of one count of being a felon

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He now appeals his conviction and sentence, arguing insufficient evidence supports his conviction; the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional; and his 120-month sentence is unreasonable under 18 U.S.C. § 3553(a). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Hill's conviction and sentence.

## I. Factual Background

On April 27, 2004, a police officer in downtown Oklahoma City, Oklahoma, stopped a car for failing to have a tag light. The occupants included the driver, as well as Mr. Hill, who was the front seat passenger, and Mr. Hill's girlfriend, who occupied the back seat. After receiving each occupant's identification, the officer got into his patrol car to run a background check. At that time Mr. Hill jumped out of the car and ran away carrying a backpack. The officer followed on foot until Mr. Hill rounded a corner and the officer lost track of him. At that corner the patrol officer stopped and searched the area, including a large trash can, where he found the backpack. The backpack contained a loaded revolver, drug paraphernalia,[1] and Mr. Hill's tax return documents, together with some of his girlfriend's papers.

---

[1] The drug paraphernalia included two glass pipes with white drug residue, a set of electronic scales, and several empty zip-lock bags.

At trial, a federal agent testified that based on his training and research the firearm, stamped with the words "Arms Co., Nashville, Tennessee," was manufactured in Nashville, Tennessee, sometime between 1968 and 1978 and previously crossed state lines into Oklahoma. Prior to testifying, Mr. Hill stipulated he had previously been convicted in Oklahoma state court of a crime punishable by imprisonment for a term exceeding one year. Mr. Hill also testified at trial, claiming his girlfriend put the backpack in the car and he only took it when he ran because she asked him to take it. While he stated he had never seen the gun inside the backpack, Mr. Hill admitted he knew the backpack contained drug paraphernalia and that is why he put it in the trash can. Following his testimony, Mr. Hill's girlfriend testified she saw Mr. Hill with a similar or the same firearm one or two days before the incident and denied she told him to take the backpack before he ran off.

At the conclusion of the evidence and arguments, Mr. Hill generally moved for judgment of acquittal, which the district court overruled. Following deliberations, a jury found Mr. Hill guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

## II. Procedural Background

Prior to sentencing, a probation officer prepared a presentence report calculating Mr. Hill's sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set his base offense level at twenty-four pursuant to U.S.S.G. § 2K2.1(a)(2) because Mr. Hill committed the instant offense subsequent to sustaining two felony convictions for controlled substance offenses. The probation officer then increased Mr. Hill's base level four levels pursuant to § 2K2.1(b)(5) because he possessed the firearm in connection with the felony offense of possession with intent to distribute methamphetamine, resulting in a total offense level of twenty-eight. The presentence report also set Mr. Hill's criminal history category at VI, which, together with an offense level of twenty-eight, resulted in an advisory Guidelines sentencing range of 140 to 175 months imprisonment. However, as the probation officer pointed out, the maximum term of imprisonment under 18 U.S.C. § 924(a)(2), for violation of § 922(g)(1), was ten years, or 120 months, which is less than the advisory Guidelines range.

Mr. Hill filed a sentencing memorandum in which he claimed he should receive a sentence of only five years probation based on the factors in 18 U.S.C. § 3553(a). In support, he provided a discussion of his history and characteristics,

including a general discussion of his family history.[2]  He also acknowledged the seriousness of his offense and that he must be punished, noted his intention to be law-abiding in the future, admitted to prior serious substance abuse problems, and indicated he would benefit from substance and mental health counseling and educational and vocational training.  At the sentencing hearing, Mr. Hill also acknowledged any future criminal conduct by him would have detrimental consequences and asked for leniency based on his completion of a drug program, positive attitude toward the future, desire to return to society, and new-found respect for the law.

After hearing and considering the parties' arguments, the district court stated it had reviewed the presentence report and considered the testimony, the parties' arguments, and Mr. Hill's statement and submission.  It further stated it had considered the sentencing factors in 18 U.S.C. § 3553 and that while it

---

[2]  In the memorandum Mr. Hill generally recounts:  1) his father died when he was ten years old; 2) he relocated to another school where he did not fit in due to his rural accent and lack of "cool" clothes, experienced suspensions and expulsions due to his conduct, and associated with misfits; 3) his mother remarried, causing him to move and enter another school where he began using drugs, his grades dropped, and he got into trouble, including arrest and incarceration through a Department of Corrections program; 4) he began using cocaine and methamphetamine at the age of nineteen; 5) his grandfather passed away, causing him to go on a drug binge and get arrested; 6) he obtained various jobs, but due to intervening drug-related arrests he lost those jobs and was incarcerated; and 7) he has received mental health care and drug abuse counseling and takes prescription medication to help with his mental health issues.

understood the Guidelines are advisory, it believed they were appropriate in the instant case. The district court further stated Mr. Hill was obviously an intelligent and articulate person, but that it could not be sympathetic to his requests because he had at least nine prior arrests. It also indicated that such a background and record reflected the need for his incarceration to keep him off the streets. The district court further stated it hoped Mr. Hill would someday become a productive member of society, but pointed out that his instant offense was a dangerous one involving drugs and weapons. It then sentenced Mr. Hill to 120 months in prison.

## III. Discussion

On appeal, Mr. Hill raises three issues. First, relying on his motion for acquittal, he contends insufficient evidence supports the jury's guilty verdict and his subsequent conviction because the evidence did not prove he knowingly possessed the firearm in the backpack or that the firearm was "in or affecting commerce." Second, he suggests the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional, although he admits he did not raise this claim before the district court and acknowledges his argument is foreclosed by this court's decision in *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000). However, he suggests three Supreme Court cases, *Jones v. United States*, 529 U.S. 848 (2000); *United States v. Morrison*, 529 U.S. 598 (2000); and *United*

*States v. Lopez*, 514 U.S. 549 (1995), when considered together, "signal[]
discomfort with the expansion of federal criminal statutes into the province of
what has traditionally been state police power," thereby rendering 18 U.S.C.
§ 922(g)(1) unconstitutional. Lastly, Mr. Hill argues his 120-month sentence is
unreasonable and greater than necessary to comply with the directives in 18
U.S.C. § 3553(a). In making this argument, he generally contends his history and
characteristics make his 120-month sentence excessive and simply refers this
court to his sentencing memorandum filed in the district court.

A. Sufficiency of Evidence to Support Conviction

Our standard of review on the issue of sufficiency of the evidence to
support a conviction is set forth in *United States v. Sells*, 477 F.3d 1226 (10th Cir.
2007):

> We review de novo whether the government presented sufficient
> evidence to support a conviction. In so doing, we view the facts in
> evidence in the light most favorable to the government. We will not
> weigh conflicting evidence or second-guess the fact-finding decisions
> of the jury. Rather, our role is limited to determining whether a
> reasonable jury could find guilt beyond a reasonable doubt, based on
> the direct and circumstantial evidence, together with the reasonable
> inferences to be drawn therefrom.

*Id.* at 1235 (quotation marks and citation omitted).

To establish Mr. Hill violated 18 U.S.C. § 922(g)(1), the government had to

prove: 1) he had previously been convicted of a felony; 2) he thereafter knowingly possessed a firearm; and 3) such possession was in or affected interstate commerce by crossing state lines. *See* 18 U.S.C. § 922(g)(1); *United States v. Jameson*, 478 F.3d 1204, 1208-09 (10th Cir. 2007). Of these three elements, Mr. Hill disputes whether the government proved he knowingly possessed a firearm and that it affected interstate commerce.

We have repeatedly held that "possession can be actual or constructive." *Id.* at 1209. "Actual possession exists when a person has direct physical control over a firearm at a given time," while "[c]onstructive possession exists when a person 'knowingly holds the power and ability to exercise dominion and control over a firearm.'" *Id.* (citations and alteration omitted). Moreover, a defendant's possession of a firearm need not be lengthy for conviction under § 922(g); instead, knowing possession "for a mere second or two" is sufficient to impose criminal liability. *See United States v. Williams*, 403 F.3d 1188, 1194 (10th Cir.), *cert. denied,* 126 S. Ct. 178 (2005). To the extent Mr. Hill is claiming this was a joint occupancy situation, we have said knowledge, dominion, and control may not be inferred simply by proximity to the firearm. *Jameson*, 478 F.3d at 1209. Instead, the government must prove either actual possession or constructive possession through evidence showing some connection or nexus between the defendant and the firearm. *Id.*

In this case, when Mr. Hill ran from the car, he physically took the backpack containing the loaded revolver. Even if we view this as a joint occupancy situation, Mr. Hill took actual possession of the firearm when he fled with the backpack, and an obvious nexus exists, as demonstrated by Mr. Hill's tax return documents being in the same backpack with the loaded firearm. Under these facts, it was not unreasonable for the jury to conclude he knowingly possessed the gun.

In addition, the jury obviously credited his girlfriend's testimony she saw him with a similar or the same firearm just a day or two before the instant offense. While Mr. Hill testified he took the backpack at his girlfriend's request, we will not weigh conflicting evidence or second-guess the factfinding decisions of the jury, which clearly credited her contrary testimony and discredited his testimony, despite the fact the backpack also contained some papers belonging to her. Under the circumstances presented, we cannot say it was unreasonable for the jury to conclude Mr. Hill knowingly possessed the firearm.

We next turn to Mr. Hill's claim insufficient evidence proved the requisite interstate commerce element. As we have explained before, the interstate commerce requirement is satisfied by proof the firearm possessed had previously traveled in interstate commerce. *See Williams*, 403 F.3d at 1195. In this case, the

government's expert witness testified the firearm, stamped with the words "Arms Co., Nashville, Tennessee," was manufactured in Nashville, Tennessee, sometime between 1968 and 1978 and previously crossed state lines into Oklahoma. Proof the firearm was manufactured in Tennessee and possessed by Mr. Hill in Oklahoma is sufficient to establish the required nexus with interstate commerce. *Id.* Thus, such evidence was sufficient for the jury to reasonably conclude the firearm crossed state lines. For these reasons, Mr. Hill has not established insufficient evidence supports his conviction under 18 U.S.C. § 922(g)(1).

## B. Constitutionality of 18 U.S.C. § 922(g)(1)

Mr. Hill next argues the federal felon-in-possession statute is unconstitutional – an issue he raises to preserve on appeal, even though he admits he did not raise this claim before the district court and acknowledges his argument is foreclosed by this court's decision in *United States v. Dorris*. Generally, we do not address arguments presented for the first time on appeal and find no reason to deviate from that general rule in this appeal. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). Even if we considered Mr. Hill's argument, it is the same argument patently rejected by our decision in *Dorris*, in which we held the same Supreme Court cases relied on by Mr. Hill did not render 18 U.S.C. § 922(g)(1) unconstitutional or require this court to overturn prior precedent. *See Dorris*, 236 F.3d at 584-86 (discussing *Jones v. United States*,

-10-

*United States v. Morrison*, and *United States v. Lopez*).

## C. Reasonableness of Sentence

Finally, Mr. Hill contends his 120-month sentence is unreasonable and greater than necessary to comply with the directives in 18 U.S.C. § 3553(a),[3] based on his history and characteristics. In his submission, Mr. Hill summarizes his life, describing his family circumstances and criminal and drug history, including: 1) the death of his father when he was ten; 2) his relocation to two different schools where he did not fit in, associated with a bad crowd, received bad grades, began using drugs, and got into trouble with authorities; 3) his problems with drugs as an adult and his drug-related arrests which caused him to

_____

[3] 18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

lose various jobs; and 4) his mental health and drug treatment, including his use of prescription medication to help with mental health issues.

We begin by pointing out Mr. Hill's 120-month sentence is the maximum statutory term of imprisonment under 18 U.S.C. § 924(a)(2), which is less than the advisory Guidelines sentencing range of 140 to 175 months imprisonment. Because "the statutorily authorized maximum sentence is less than the minimum ... applicable guideline range, the statutorily authorized maximum sentence ... [is] the guideline sentence." U.S.S.G. § 5G1.1(a).

We review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam). These factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *Id.* We have determined a presumption of reasonableness attaches to a sentence which is within the correctly calculated Guidelines range. *See id.* at 1053-54. We require reasonableness in two respects – "the length of the sentence, as well as the method by which the sentence was calculated." *Id.* at 1055 (emphasis omitted). If the district court "properly considers the relevant Guidelines range and

-12-

sentences the defendant within that range, the sentence is presumptively reasonable." *Id.* "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.* at 1054. In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *See id.*

We have held "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1117 (quotation marks, alterations, and citation omitted).

Because the district court in this case sentenced Mr. Hill at the Guidelines range, his sentence is presumptively reasonable and he must rebut this

presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). In attempting to rebut this presumption, Mr. Hill generally argues his sentence is unreasonable based on his history and characteristics. However, a review of the record establishes the district court considered Mr. Hill's history and characteristics during sentencing but determined, based on other § 3553(a) factors, a sentence of 120 months was appropriate.

More specifically, the district court indicated it had considered the parties' arguments and Mr. Hill's statement and submission – all of which discussed his history and characteristics. While the district court considered Mr. Hill's arguments regarding his history and characteristics, it indicated a 120-month sentence was appropriate based on the other § 3553(a) factors, including his prior nine arrests, the seriousness of the instant offense, which involved drugs and a weapon, and the need to incarcerate him to get him off the streets for the purpose of protecting the public. Given Mr. Hill's extensive criminal history and the serious nature of his instant offense, we cannot say he has shown his history and characteristics, when viewed in light of the other § 3553(a) factors, are sufficiently compelling for the purpose of making his sentence unreasonable.

IV. Conclusion

For these reasons, we **AFFIRM** Mr. Hill's conviction and sentence.


        **Entered by the Court:**

        **WADE BRORBY**
        United States Circuit Judge