**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAMES LYNN HILL,

        Defendant - Appellant.

No. 07-6213

W.D. Okla.

(D.C. No. 5:06-CR-00009-R)

---

**ORDER DENYING LEAVE TO PROCEED**
**ON APPEAL *IN FORMA PAUPERIS***
**AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

James Lynn Hill was convicted of being a felon in possession of a firearm and sentenced to 120 months imprisonment. He appealed and on May 18, 2007, we affirmed. *United States v. Hill*, 224 Fed. Appx. 825 (10th Cir. 2007) (unpublished).[1] On August 16, 2007, after the mandate issued, Hill sought leave of the district court to correct or modify the record on appeal, claiming various errors in the indexes and headings of the trial and sentencing transcripts. On

---

[1] The mandate issued on June 11, 2007.

August 23, 2007, the court denied Hill's application on the merits.[2]

On August 31, 2007, Hill appealed from the district court's denial of his application for leave to correct or modify the record. He also filed an ex parte notification of Brady request/violation, which we construed as a motion requesting discovery, and a letter regarding his appeal, which we construed as a motion to correct the record. Hill's appeal is moot.

Because the issue of mootness implicates our jurisdiction, we may consider it *sua sponte*. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Without a pending appeal, there is no record to correct, and we could not afford Hill any effectual relief. *See In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) ("A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party.") (quotations omitted).

We therefore **DISMISS** Hill's appeal. We likewise **DISMISS** his motion to correct the record and his motion requesting discovery. We also **DENY** Hill's

---

[2] The court presumed Hill's application was not moot because he intended to file a petition for writ of certiorari with the Supreme Court. Hill had actually filed such a petition on August 16, 2007, prior to the issuance of the district court's order. The Supreme Court subsequently denied Hill's petition. *See Hill v. United States*, 128 S. Ct. 327 (October 1, 2007).

motion to proceed *in forma pauperis* on appeal. Hill is obligated to continue making partial payments until all fees have been paid, as ordered by the district court.[3]

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[3] The district court determined Hill should be required to pay a partial filing fee of $150.00, one-third of the required filing fee.