FILED
United States Court of Appeals
Tenth Circuit

July 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAMES L. HILL,

      Defendant - Appellant.

No. 09-6023
(D.C. Nos. 5:08-CV-00796-R and
5:06-CR-00009-R-1)
(W.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

Defendant-Appellant James Hill, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. 2 R. Doc. 110. Because Mr. Hill has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability ("COA") and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Hill was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). 1 R. Doc. 1, 26. He was sentenced to 120 months' imprisonment followed by two years of supervised release. 1 R. Doc. 41 at 2-3. On direct appeal, we affirmed his

conviction and sentence.  United States v. Hill, 224 Fed. App'x. 825, 832 (10th Cir. 2007) (unpublished).  He then sought leave to correct the appellate record, a matter we deemed moot, United States v. Hill, 272 Fed. App'x 707, 708 (10th Cir. 2008), given that the the Supreme Court denied certiorari.  Hill v. United States, 128 S. Ct. 327 (2007).

On July 31, 2008, Mr. Hill then sought relief pursuant to § 2255, raising a total of eleven grounds for relief and requesting an evidentiary hearing.  3 R. Doc. 75, App. at 23-79, 80-81; 1 R. Doc. 97.  After the government filed its initial response, 1 R. Doc. 92, Mr. Hill responded, 1 R. Doc. 100.  The district court then ordered the government to supplement its response with an affidavit from Mr. Hill's trial counsel.  1 R. Doc. 102.  The affidavit was to address defense counsel's interview with a potential witness and why trial counsel did not call her as a defense witness or on rebuttal. 1 R. Doc. 102.  The government then filed its surreply along with the affidavit of defense counsel and a forensic lab report that had been previously provided in discovery.  1 R. Doc. 106 at 8 & Att. 1, 2.  After Mr. Hill requested a twenty-day extension to respond to the government's surreply, 2 R. Doc. 108, the district court denied the request, noting that the § 2255 motion "has been fully briefed."  2 R. Doc. 109.  On December 1, 2008, the district court denied the § 2255 motion.  2 R. Doc. 110.  On December 4, 2008, Mr. Hill filed his response to the surreply, which the district court struck. 2 R. Docs. 111, 112.

On appeal, Mr. Hill raises seven issues which can be distilled into whether the district court erred (1) in allowing impeachment by prior convictions notwithstanding that Mr. Hill stipulated to a prior conviction; (2) in sentencing Mr. Hill based upon disputed information not found by a jury beyond a reasonable doubt, (3) in not allowing Mr. Hill to file a responsive pleading to prove his ineffective assistance of counsel claim, (4) in not sustaining his Brady claim concerning various items of evidence, and (5) in committing cumulative error. Aplt. Br. 14-33.

In order to obtain a COA, Mr. Hill must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; see Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). We note that the district court allowed limited discovery and exhaustively addressed Mr. Hill's claims on the merits. We do not find its resolution of those claims reasonably debatable. One issue raised by Mr. Hill, however, warrants brief discussion.

Mr. Hill contends that the district court's denial of his request to file a reply in response to the government's surreply (which contained defense counsel's affidavit) was error. He suggests that such a response would have supported his claim for ineffective assistance of counsel. As he correctly notes, Rule 7(c) of the Rules Governing Section 2255 Proceedings requires a court to

allow a party to respond to the introduction of additional materials. The rule provides that "[t]he judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Rule 7(c), Rules Governing Section 2255 Proceedings for the United States District Courts. Although the district court did not allow Mr. Hill to respond, any error was harmless. Cf. 28 U.S.C. § 2111. First, no one contests the genuineness of the affidavit. Moreover, the affidavit is consistent with Mr. Hill's rendition of the facts. Both accounts indicate that defense counsel did not want to call the witness because the witness was not present when the offense occurred, raising relevancy and hearsay concerns. See 1 R. Doc. 100 (Hill aff.); 1 R. Doc. 106, Att. 1. Second, even assuming that the witness would have testified that Mr. Hill did not have a gun on a prior occasion, trial counsel could make a reasonable and tactical decision that any potential benefit was outweighed by other matters her testimony would surely highlight. Finally, though his response to the government's surreply was later stricken, Mr. Hill referenced the affidavit but once when arguing that defense counsel operated under a conflict of interest by inferring joint possession of the firearm. 2 R. Doc. 111 at 7. This inference was certainly reasonable given the facts. Thus, the ultimate effect of the district court's decision not to allow a further response was harmless. With or without the response, Mr. Hill could not demonstrate either deficient performance or prejudice as is required to succeed on his ineffective assistance of counsel claim. See Strickland v. Washington, 466

U.S. 668, 694 (1984).

We deny a COA, deny IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge