FILED
United States Court of Appeals
Tenth Circuit

March 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

SAMMY NICHOLS,

        Defendant - Appellant.

No. 11-3307

D. Kansas

(D.C. Nos. 2:11-CV-02114-KHV and
2:03-CR-20149-KHV-DJW-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Petitioner, Sammy Nichols, seeks a certificate of appealability ("COA") so

he can appeal the district court's dismissal of the motion to vacate, set aside, or

correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255

motion unless he first obtains a COA). In 2004, Nichols pleaded guilty to

conspiracy to distribute and possess with intent to distribute five kilograms or

more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II). In

2005, Nichols was sentenced as a career offender under USSG § 4B1.1. *See*

USSG § 4B1.1 (providing a defendant is a career offender if he "has at least two

prior felony convictions of either a crime of violence or a controlled substance offense").

The instant § 2255 motion was filed in the district court on February 25, 2011. Relying on *Johnson v. United States*, Nichols argued he was erroneously sentenced as a career offender because his Kansas conviction for involuntary manslaughter does not constitute a crime of violence. *See* 130 S. Ct. 1265, 1271 (2010) (holding Florida battery conviction was not a violent felony under the Armed Career Criminal Act because it did not have as an element the use of violent force). Using the date on which the Supreme Court decided *Begay v. United States*, 553 U.S. 137 (2008), the district court concluded Nichols's § 2255 motion was untimely because it was not filed within the one-year limitations period.[1] *See* 28 U.S.C. § 2255(f)(3) (setting forth a one-year statute of limitations for § 2255 motions that begins to run on the date "the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Nichols filed a motion for reconsideration wherein he attempted to raise additional issues and argued he was entitled to equitable tolling of the one-year limitations period. The district court denied the motion, refusing to address the

---

[1]Because we conclude Nichols cannot show the debatability of the district court's conclusion his § 2255 motion is untimely, it is not necessary to address the question of whether *Begay* implicates a right that has been "newly recognized by the Supreme Court and made retroactively application to cases on collateral review." 28 U.S.C. § 2255(f)(3).

newly raised issues and concluding Nichols failed to demonstrate any entitlement to equitable tolling of the one-year period because he failed to diligently pursue his claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding equitable tolling "is only available when an inmate diligently pursues his claims").

In his appellate brief and application for COA, Nichols reasserts the two claims he raised for the first time in his motion for reconsideration.[2] Nichols also argues he is entitled to equitable tolling because he is actually innocent of the sentence enhancement. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("Equitable tolling would be appropriate . . . when a prisoner is actually innocent."). A defendant, however, cannot be actually innocent of a non-capital sentence. *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993). Nichols's other arguments fail because neither lack of knowledge regarding the law nor reliance on inmate law clerks can support his claim to equitable tolling. *Klinger*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220.

---

[2]In an unpublished disposition, a panel of this court concluded that a district court lacks jurisdiction to consider new claims raised by a § 2255 movant in a Rule 59(e) motion. *See United States v. Bovie*, 28 F. App'x 734, 735 (10th Cir. 2001). Instead, the movant must obtain authorization from this court to file a second or successive habeas petition. *See id.* In an abundance of caution, we construe Nichols's application for COA to include an implied request to file a second or successive § 2255 motion raising a claim of ineffective assistance of counsel and a claim that his conviction for second degree drug trafficking is not a controlled substance offense under the career offender guideline. Having reviewed his implied application under the applicable standard, we **deny** it. *See* 28 U.S.C. § 2255(h).

To be entitled to a COA, Nichols must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Nichols's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Nichols's request for a COA and **dismiss** this appeal. Nichols's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge