FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KAREN ALLEN,

      Defendant-Appellant.

No. 12-8046
(D.C. Nos. 1:10-CV-00278-CAB and
2:07-CR-00239-WFD-14)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Karen Allen was convicted of conspiracy to traffic in methamphetamine and use of a telephone to facilitate a drug felony. She filed a federal habeas petition pursuant to 28 U.S.C. § 2255, seeking relief from those convictions and asserting several claims, including that she received ineffective assistance of counsel during her trial and sentencing. The district court dismissed the motion and denied Ms. Allen's request for a certificate of appealability (COA). Ms. Allen now seeks a COA from this court.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant a COA only if Ms. Allen makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, she must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Ms. Allen proceeds in this court *pro se*, we review her pleadings with special solicitude.

Ms. Allen does not meet this standard. To prevail on any claim that her counsel was constitutionally ineffective, Ms. Allen must show two things: (1) counsel's representation "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-78, 691-92 (1984).

Before us, Ms. Allen argues her counsel was ineffective for failing to (1) provide her with a copy of the government's plea offer, (2) advise her about the plea and whether to proceed to trial, (3) explain the conspiracy charge, and (4) object to her sentence — specifically that the actual amount, rather than the gross weight, of methamphetamine warranted a lesser offense level. Rejecting Ms. Allen's first two grounds, the district court assumed that the government offered some kind of plea agreement and that counsel failed to communicate it to Ms.

- 2 -

Allen. But Ms. Allen did not, and cannot, prove counsel's unprofessional errors prejudiced her in any way. Ms. Allen maintained an unwavering position of innocence throughout her entire case. She in no way indicates that she would have accepted a plea agreement or that counsel's advice about the plea agreement would have mattered, except to say she "may have changed her mind." This doesn't establish prejudice. *See Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) ("To show prejudice from ineffective assistance of counsel where a plea offer has lapsed . . . because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer . . . [and that] the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it.").

Her remaining claims — that counsel was ineffective for failing to explain the conspiracy charge and failing to object to her sentence — fail because she did not raise them before the district court in her original § 2255 motion. They are, accordingly, not preserved for our review. *See Chase v. Crisp*, 523 F.2d 595, 597 (10th Cir. 1975) (claims not presented before the district court in habeas proceedings are waived); *Gorman v. Thornburgh*, 943 F.2d 57, *1 (10th Cir. 1991) (unpublished table decision) (same) *Matthews v. Workman*, 577 F.3d 1175, 1188 n.5 (10th Cir. 2009) (same).[1] Even so, Ms. Allen cannot show that

---

[1] Ms. Allen raised her claim that counsel was ineffective for failing to object to her sentence for the first time in her motion for reconsideration to the

(continued...)

such failures were prejudicial. As to counsel's alleged failure to explain the conspiracy charge, she provides no basis to find counsel's performance deficient, and simply suggests "the outcome would have and should have been different." This is not good enough under *Strickland*.

Counsel's alleged failure to object to the length of her sentence similarly fails. The Sentencing Guidelines dictate that when a mixture contains methamphetamine, a court is to use the offense level determined by the entire weight or the actual weight, whichever is greater. *See* U.S.S.G. § 2D1.1(c), note (B). Ms. Allen does not indicate why her offense level must have been calculated based on the actual weight of methamphetamine rather than the greater of the entire weight or actual weight. Without a showing of prejudice, Ms. Allen cannot substantiate an ineffective assistance of counsel claim.

---

[1](...continued)
district court, which the district court denied. We do not consider issues raised for the first time in a motion for reconsideration, and we previously have questioned whether the district court has jurisdiction to consider such arguments. *See United States v. Nichols*, 472 F. App'x 856, 856 n.2 (10th Cir. 2012) (unpublished) (movant must instead obtain authorization to file a second or successive habeas petition). In an abundance of caution, "we construe [Ms. Allen's] application for [a] COA to include an implied request to file a second or successive § 2255 motion raising" the claim, *id.*, and we deny it.

Accordingly, Ms. Allen's application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge