**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROSCOE LARRETT MORRIS,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 16-5131
(D.C. No. 4:13-CV-00594-JHP-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

Roscoe Morris, an Oklahoma state prisoner, filed a *pro se* habeas petition seeking relief from his conviction on various charges. The district court reviewed and dismissed Mr. Morris's petition on the merits and denied his application for a certificate of appealability (COA). Mr. Morris now renews before us his request for a COA.

To obtain a COA, Mr. Morris must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to establish "that reasonable jurists could debate whether . . . the petition should

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Even construing Mr. Morris's *pro se* filings liberally, we do not see how he can make such a showing here. He raises before us one potential ground for a COA: a claim of ineffective assistance of counsel. To prevail on any claim that his counsel was constitutionally ineffective, Mr. Morris must show that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). When an ineffective assistance claim arises (as here) under AEDPA our review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). For, after all, under AEDPA the question is not whether the state court's determination was incorrect "but whether that determination was unreasonable — a substantially higher threshold." *Id*.; *see also* 28 U.S.C. § 2254(d).

Mr. Morris hasn't cleared this high hurdle. He suggests that his lawyer was ineffective for failing to inform him of a potential plea deal. But under § 2254, we are limited to reviewing the record before the state court, we must presume that determinations of factual issues made by a state court are correct, and Mr. Morris has the burden of rebutting this presumption by clear and convincing

evidence.  28 U.S.C. § 2254(d)-(e); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).  In this case the state court determined that the record on direct appeal did not establish that a plea offer was ever made.  Mr. Morris's own habeas petition in the district court conceded that there is no record of any plea bargain negotiations in this case.  Pet. for Writ of Habeas Corpus at 3, ECF No. 1.  And given this we cannot see how we might say the state court's finding was clearly wrong.

To be sure, Mr. Morris did append to his state court filing affidavits from his current and former counsel suggesting that there might have been a plea bargain offer.  But these affidavits are insufficient to rebut the presumption in favor of the state court's factual determination.  Mr. Griesedieck, Mr. Morris's attorney during the criminal trial, declared that he is "nearly 100% positive that there was a plea-bargain recommendation" but doesn't recall what the recommendation was.  Griesedieck Aff. at 1.  But Mr. Morris himself claims that many statements in Mr. Griesedieck's affidavit are untrue.  Aplt. Br. at 8-9.  Mr. Southerland, Mr. Morris's current attorney, declared that the district attorney didn't have any independent recollection of any plea bargain negotiations but had in his notes that Mr. Griesedieck rejected a plea bargain offer at a preliminary hearing.  Southerland Aff. at 1.  But Mr. Southerland himself also further declared that it was unclear to him if the district attorney's notes were a recommendation

at all.  *Id*.  Whatever this may be, it is not clear and convincing evidence that the state court was wrong in finding that the state didn't offer a plea deal.

Even if counsel's performance was constitutionally ineffective, though, we would still only confront another problem.  For Mr. Morris hasn't established that he was prejudiced by counsel's allegedly poor performance.  To establish prejudice, Mr. Morris must demonstrate a reasonable probability that he would have accepted the putative plea offer and that the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it.  *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012).  But Mr. Morris hasn't done any of that — in fact, he has done much the opposite.  Mr. Griesedieck's affidavit demonstrates that Mr. Morris wouldn't have accepted a plea deal if it were offered.  Griesedieck Aff. at 1 ("I am positive that Mr. Morris rejected the plea offer . . . .  [He] was not interested in pleading.  He continually indicated to me that the events surrounding this case were untrue . . . ."); *id*. at 2 ("Mr. Morris never indicated in our last meetings . . . that he wished to plead to the State's recommendation . . . .  I am absolutely confident that Mr. Morris never expressed any interest in taking that offer.").  And this simply "doesn't establish prejudice." *United States v. Allen*, 497 F. App'x 853, 854 (10th Cir. 2012) (rejecting a similar *Strickland* claim because the defendant "maintained an unwavering position of innocence throughout her entire case.  She in no way indicate[d] that she would have accepted a plea agreement.").

- 4 -

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge