**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID CHARLES BALDWIN, II,

    Defendant - Appellant.

No. 17-6215
(D.C. Nos. 5:17-CV-00834-C and
5:15-CR-00245-C-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

David Charles Baldwin II, a federal prisoner appearing pro se, seeks a certificate

of appealability (COA) under 28 U.S.C. § 2253(c)(1) to challenge the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1] He

also moves to proceed *in forma pauperis* (IFP). We deny him a COA and we deny his

IFP motion.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se litigants' pleadings, holding them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Though we can't "assume the role of advocate," we'll excuse citation gaps, untangle confused legal theories, and overlook poor syntax. *Id.*

BACKGROUND

On November 18, 2015, a federal grand jury indicted Baldwin for sixteen offenses related to his participation in a steroid-distribution and money-laundering conspiracy. Baldwin retained counsel, who approached the government and secured a plea agreement. Had Baldwin carried through with the plea agreement, he would have pleaded guilty to Count 1 of the indictment, drug conspiracy, a violation of 21 U.S.C. § 846, and Count 4 of the indictment, money-laundering conspiracy, a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i). As part of the agreement, Baldwin would have had to forfeit $3,202,126.54 as proceeds of his illegal activity. But Baldwin decided against proceeding with the plea agreement, telling counsel "that he wanted to contest the forfeiture amount in the agreement." R. at 133. So counsel informed him that to contest the forfeiture amount, he "could enter a plea to all counts and contest" it "with the judge at sentencing." *Id.*

Before Baldwin pleaded guilty, counsel "discussed with him possible enhancements that could affect his advisory Sentencing Guideline range." *Id.* at 134. Baldwin then pleaded guilty to all sixteen counts without an underlying plea deal. When asked on his guilty-plea petition if any promise had been made by anyone that caused him to plead guilty aside from a plea agreement, Baldwin checked a space labeled "No." *Id.* at 42. After Baldwin pleaded guilty, counsel again discussed with him possible sentencing enhancements.

Before sentencing, counsel met with the Assistant United States Attorney (AUSA) assigned to Baldwin's case and other officials to discuss "the evidence that would be

presented at the sentencing in regard to forfeiture." *Id.* at 134. During the meeting, it soon became clear to counsel "that the charged amount of forfeiture . . . was millions of dollars less" than the government could have pursued and proven. *Id.* And "[i]n light of that information," Baldwin agreed to the charged forfeiture amount. R. at 134.

Baldwin's probation officer compiled his presentence investigation report, which included several recommended sentencing-guideline enhancements including §§ 2D1.1(b)(1), (7), (9), (12), (15), 2S1.1(b)(2)(B), (b)(3), and 3B1.1(a) of the sentencing guidelines. U.S. Sentencing Guidelines Manual (U.S.S.G.) §§ 2D1.1(b)(1), (7), (9), (12), (15), 2S1.1(b)(2)(B), (b)(3), and 3B1.1(a)  (U.S. Sentencing Comm'n 2016). Baldwin objected to the following enhancements: (1) § 2D1.1(b)(1), possessing a firearm; (2) § 2D1.1(b)(9), distributing an anabolic steroid to an athlete; (3) § 2D1.1(b)(12), maintaining a residence for the purpose of manufacturing or distributing a controlled substance; (4) § 2S1.1(b)(3), sophisticated money laundering; and (5) § 3B1.1(a), a role adjustment. Because "Baldwin used an internet messaging board to sell" steroids, and because his counsel "believed the enhancement applied," counsel didn't object to the § 2D1.1(b)(7) enhancement. R. at 134. Similarly, because "Baldwin imported all of his [steroids] from Hong Kong or China and he had no source of income" other than selling steroids for "multiple years," counsel didn't object to the § 2D1.1(b)(15) enhancement. *Id.* at 135. And because Baldwin pleaded guilty to 18 U.S.C. § 1956, his counsel didn't

3

object to the § 2S1.1(b)(2)(B) enhancement. The district court sentenced Baldwin to 84 months of imprisonment, to be served concurrently.[2] Baldwin never filed a direct appeal.

On August 3, 2017, Baldwin filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Baldwin made five arguments in his motion. First, he argued he had received ineffective assistance of counsel, because (a) counsel told him that the AUSA would drop the § 2D1.1(b)(1) firearm enhancement, (b) counsel told him that if he didn't "take the plea deal the AUSA was offering we would plead guilty to all counts and have a hearing with a judge only," *id.* at 95, and (c) counsel said he would object to the sentencing enhancements**.** Second, he argued that the sentencing court had improperly enhanced his sentence using § 2D1.1(b)(1), the firearm enhancement. Third, he argued that the sentencing court had improperly piled on enhancements to double his sentencing-guideline range. Fourth, he argued the sentencing court had improperly enhanced his sentence using § 2D1.1(b)(9), because he didn't "solicit to or distribute" steroids "to any known athletes." *Id.* at 102. And fifth, he argued that the sentencing court had improperly enhanced his sentence under § 2D1.1(b)(12), because his residence "was not a special 'premises' maintained to receive, or distribute the product of his crime." *Id.*

The government responded to Baldwin's motion, dividing Baldwin's arguments into two categories: (1) ineffective-assistance-of-counsel claims; and (2) challenges to his sentence. To answer Baldwin's ineffective-assistance-of-counsel claims, the government provided an affidavit from Baldwin's formerly retained counsel. In that affidavit, counsel

---

[2] The Presentence Investigation Report wasn't furnished in the record on appeal.

stated that he never had an agreement with the AUSA to drop the § 2D1.1(b)(1) firearm enhancement. Counsel also stated that "if [Baldwin] did not want the plea offer from the Government he could enter a plea to all counts and contest" the forfeiture amount "with the judge at sentencing." *Id.* at 133. Finally, counsel explained which enhancements he had objected to and which he hadn't and why.

The government then argued that Baldwin's failure to file a direct appeal procedurally barred his ability to challenge his sentence. And, it argued, Baldwin failed to show either cause for failing to file that appeal or that a fundamental miscarriage of justice would occur if the court didn't address his claim. Specifically, the government noted that Baldwin's § 2255 motion didn't "mention[] the word appeal, let alone show[] cause for not pursuing an appeal as required." R. at 127. Baldwin replied to the government's response, now alleging that he "was never offered a direct appeal and therefore [was] denied a direct appeal." *Id.* at 139. And he asserted he had received ineffective assistance "when counsel failed to file Baldwin's appeal in the Tenth Circuit of Appeals, after Baldwin asked for such appeal." *Id.*

The district court denied Baldwin's § 2255 motion. On Baldwin's ineffective-assistance claims, the court concluded as follows: (1) because counsel's affidavit and Baldwin's guilty plea petition both established that no agreement to drop the § 2D1.1(b)(1) firearm enhancement existed with the AUSA, Baldwin couldn't show deficient performance under *Strickland v. Washington*, 466 U.S. 668, 688 (1984); (2) Baldwin couldn't show that he would have chosen to go to trial if he had known his counsel wouldn't challenge the forfeiture amount with the judge; and (3) because counsel

5

had objected to sentencing enhancements where appropriate, Baldwin hadn't received ineffective assistance. The district court also determined that Baldwin's challenges to his sentencing enhancements were procedurally barred because he failed to raise them in a direct appeal. The court also denied Baldwin a COA and denied his IFP motion. Baldwin now appeals.

## DISCUSSION

Before he may appeal, Baldwin must obtain a COA. 28 U.S.C. § 2253(c)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the relevant legal questions are whether (1) Baldwin received ineffective assistance of counsel, and (2) whether we may consider his challenges to his sentence. After answering these questions, we address Baldwin's request for an evidentiary hearing and his IFP motion.

## I.      Ineffective Assistance

Ineffective assistance is shown where (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and (2) counsel's deficient performance prejudiced the defendant, *id.* at 692. If a movant fails to satisfy either prong, his ineffective-assistance claim fails. *Id.* at 697. On appeal, Baldwin makes four ineffective-assistance claims: (1) that he asked counsel to file a direct appeal, and his

counsel didn't; (2) that counsel advised him that the AUSA would drop the § 2D1.1(b)(1) enhancement; (3) that counsel caused him to enter an unknowing and involuntary guilty plea; and (4) that counsel failed to explain what enhancements the court would likely impose.

First, Baldwin claims that he received ineffective assistance, because he told counsel to file a direct appeal and counsel didn't. Baldwin didn't make this argument in his initial § 2255 motion. He made it in his reply to the government's response to his § 2255 motion, the latter of which included counsel's affidavit. Rule 7(c) of the Rules Governing Section 2255 Proceedings requires the district court to give a party to a § 2255 motion "against whom [] additional materials are offered an opportunity to admit or deny their correctness." So because the government in this case attached counsel's affidavit to its response, Rule 7(c) required the court to allow Baldwin to admit or deny the correctness of the facts as asserted by counsel. *United States v. Hill*, 336 F. App'x 832, 834 (10th Cir. 2009). The district court did so. But Rule 7(c) permitted Baldwin only to admit or deny the contents of counsel's affidavit, not to raise new arguments beyond those stated in his § 2255 motion. Baldwin waived this argument by failing to raise it until his reply to the government. *Cf. United States v. Pickel*, 863 F.3d 1240, 1259 (10th Cir. 2017) (determining that when a party "makes [an] argument for the first time in his reply brief," it is waived). Because Baldwin waived this argument, it deserves no encouragement to proceed further.

Second, Baldwin can't show deficient performance where he claims counsel told him the AUSA promised to drop the § 2D1.1(b)(1) firearm enhancement. Counsel denies

7

having told Baldwin that such an agreement existed. And when asked on his guilty-plea petition whether "any promise" had been made "by anyone that cause[d]" him to plead guilty aside from a plea agreement, Baldwin marked a box labeled, "No." R. at 42. Baldwin provides no other evidence to the contrary, so the district court's decision on this point isn't debatable.

Baldwin's third and fourth arguments fail "because []he did not raise them before the district court in [his] original § 2255 motion." *United States v. Allen*, 497 F. App'x 853, 854 (10th Cir. 2012). So these arguments aren't deserving of encouragement to proceed further.

## II. Sentencing Enhancements

Baldwin also asserts that the sentencing court improperly enhanced his sentence. But § 2255 isn't an avenue to test the legality of issues which should have been raised in a direct appeal. *United States v. Walling*, 982 F.2d 447, 448 (10th. Cir. 1992) (quoting *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987)). Baldwin's "failure to address this issue in [a] direct appeal bars review unless he can show cause and resulting prejudice." *Id.* at 448–49. Baldwin didn't attempt to show cause and prejudice for failing to raise these challenges to his sentencing enhancements in a direct appeal before the district court and he fails to do so now. And "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

## III.   Evidentiary Hearing

Baldwin argues that the district court should have granted him an evidentiary hearing over whether the sentencing court improperly enhanced his sentence. "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (quoting *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004)). An evidentiary hearing is required for a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because Baldwin's arguments challenging his sentencing enhancements are procedurally barred, the records of the case conclusively show that he isn't entitled to relief. So the district court didn't abuse its discretion by failing to hold an evidentiary hearing.

## IV.   IFP Motion

We conclude that Baldwin hasn't asserted a reasoned, non-frivolous argument on appeal, so we deny his IFP motion. *McIntosh v. United States Parole Comm'n*, 115 F.3d

809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

## CONCLUSION

For the above reasons, we deny Baldwin a COA, deny his IFP motion, and dismiss this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge

10